Gould, J.
If the reference ordered by the Supreme Court (on the defendant’s motion to set aside the executions issued on the judgments and to order those judgments canceled) was without authority of law, then the whole decision of that matter was erroneous. But the reference was plainly within the meaning of section 271 of the Code, subdivision 3; and without the Code the court always had the right to refer to take proofs on matters upon which it desired fuller information before proceeding. In that matter, however, there is as to this defendant a further and a conclusive answer. He was the moving party and if he objected to the order granted in any respect, he should have appealed therefrom, and have had it made correctly. Instead of appealing he proceeded with the reference; and, indeed, he has never appealed from the decision or final order on the report of the referee. It is surely *206 too late for him to take the objection that a reference was irregular.
Again, is that final order so made by the Supreme Court on that motion, conclusively binding on the defendant as an adjudication that those two judgments by confession were really given as security (not merely for the note named therein, but) for the debt arising out of the sale of the steamer Empire ? Upon this point it is to be observed that some decisions (made before the existence of the Code) especially that of Simson v. Hart, in the Court of Errors (14 Johns., 63), are chiefly based upon the ground that such summary proceedings as they passed upon,'were then heard without full proofs, and were not reviewable. Whereas, in the case before us, the hearing was upon full proofs; and the Code has entirely taken away the other ground by making the proceeding liable to review. By its section 349, the order referred to was appealable to the general term of the Supreme Court, and to this court by section 11, division 3; for if those judgments were given for purposes which had (at the time of the motion) been fully satisfied, it was matter of “ substantial right ” on the part of the defendant to have the executions vacated and the judgments canceled; and the motion was not addressed to any discretion from which no appeal lay.
Since then a full hearing, with the right of appeal, was open to the defendant on that motion, how is he to avoid the binding effect of that decision, so far as it covers what was actually and necessarily tried on that reference ? It was then necessary to determine: 1st. Whether the notes for which the judgments, on their face, were expressly given, were paid either in full or in part. 2d. If they were paid in full, whether the judgments in fact, and according to the intent and agreement of the parties, were meant as security for any other and what debt. 3d. If they were security for any other debt, whether so much of that debt remained unpaid that one judgment and execution must remain to secure it, or whether both judgments and executions must so remain; or whether (one of the judgments remaining wholly unsatisfied,) the other judgment *207 should, for the amount it was to secure, be reduced from its face. It is entirely plain that, on that motion, the court could have shaped its order to meet either of these points.
And, as the papers show, all these points were actually litigated before the referee and on the motion; and the decision is, that in fact more was due and to be secured by the judgments than the face of both judgments. To this extent, therefore, the defendant should be held concluded by that adjudication. It was fully ascertained that, unless the judgments were security for what was called the Empire debt, they were both satisfied, and the defendant’s motion must have been granted. It was expressly found that they were not satisfied, because they stood to secure that further debt exceeding their, whole amount. So much, then, is finally adjudicated against the defendant; and this court has now no power to interfere with that decision.
As, however, the relief asked in this suit by the plaintiff involves the necessity of not merely making definite or precise a statement of indebtedness actually covered by the terms of the judgment, but of inserting in a statement made upon oath a distinct, substantive indebtedness not covered by the terms of the confession, it is not perceived how that is within the power of any court, especially when the party, whose oath to its truth is required, says on oath that it is not true.
The result at which we arrive is, that so much of the judgment of the court below as orders the canceling of the judgments by confession must be reversed; but that so much as denies to the plaintiff the affirmative relief asked by him should be affirmed and the judgment should be for costs against the plaintiff, and that his bill be dismissed.
All the judges concurring,
Ordered accordingly.